BLOSSER, Appellee,

v.

CARTER, Appellant.

[Cite as *Blosser v. Carter* (1990), 67 Ohio App.3d 215.]

Court of Appeals of Ohio,
Hocking County.

No. 89–CA–01.

Decided April 4, 1990.

*Edwin C. Johnston,* for appellee.

*Lantz, Lantz & Lipp Co., L.P.A.,* and *James M. Linehan,* for appellant.

STEPHENSON, Judge.

This is an appeal from a judgment entered by the Small Claims Division of the Hocking County Municipal Court, following a bench trial, awarding monetary damages to Nancy C. Blosser, plaintiff below and appellee herein, against Nick Carter, defendant below and appellant herein. Appellant assigns the following errors:

"Assignment of Error number One

"The trial court erred, to the prejudice of the defendant-appellant, by granting a judgment for money in excess of the amount requested by the plaintiff in her complaint.

"Assignment of Error number Two

"The trial court's holding was against the manifest weight of the evidence, an abuse of discretion, and thus constitutes reversible error.

"Assignment of Error number Three

"The conduct of the trial court evidenced bias against the defendant-appellant, thereby depriving the defendant-appellant of his right to a fair and impartial trial, and thus constitutes reversible error."

The facts pertinent to this appeal are as follows. On June 8, 1988, appellee and her husband paid appellant the sum of $1,187 in consideration for appellant's promise to "till, topsoil, seed and straw new lawn" on appellee's premises. Subsequent to appellant completing his work on the lawn, appellee became dissatisfied with the result.

On October 28, 1988, appellee commenced suit in the Small Claims Division of the Hocking County Municipal Court alleging, in substance, that appellant had breached their agreement for the lawn work. Appellee prayed for compensatory damages in the amount of $800.

On December 8, 1988, a trial was held in this matter and appellee presented evidence, including photographs, that despite appellant's labor, her lawn showed only "rye, weeds and bare spots." In rebuttal, appellant testified that he had properly performed under their agreement and that any defect which arose with respect to appellee's lawn was caused by the drought which occurred that summer. At the conclusion of trial, the court entered judgment for appellee in the amount of $946.76.

In his first assignment, appellant argues that the court below erred in awarding damages in excess of the $800 damages specified in appellee's complaint. In her brief, appellee agrees and concedes that the court erred in this regard. We also agree.

The portion of Civ.R. 54(C), pertinent to this action, states as follows:

"A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled; however, a demand for judgment which seeks a judgment for money *shall limit the claimant to the sum claimed in the demand* unless he amends his demand not later than seven days before the commencement of the trial * * *." (Emphasis added.)

However, in the cause *sub judice*, the rule is qualified by an exception in Civ.R. 1(C), which declares, in part, as follows:

"These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (4) in small claims matters under Chapter 1925, Revised Code * * *."

Accordingly, Civ.R. 54(C) will apply to a small claims matter unless, by its nature, it would be clearly inapplicable. Though we can find no decisions which have considered this issue, we hold, for the following reasons, that Civ.R. 54(C) is not "clearly inapplicable" to a small claims matter and, therefore, a small claims judgment is limited to the amount, or amended amount, demanded in the small claims complaint.

Application of the Rules of Civil Procedure to small claims actions is specifically sanctioned by R.C. 1925.16, which states as follows:

"Except as inconsistent procedures are provided in this chapter or in rules of court adopted in furtherance of the purposes of this chapter, all proceedings in the small claims division of a municipal court are subject to the Rules of Civil Procedure, and Chapter 1901. and sections 2307.06 and 2307.07 of the Revised Code, and all proceedings in the small claims division of a county court are subject to the Rules of Civil Procedure, Chapter 1907., and sections 2307.06 and 2307.07 of the Revised Code."

There is no provision in R.C. Chapter 1925 which is contrary to the general rule of Civ.R. 54(C) that a judgment cannot be in excess of the amount, or amended amount, demanded by the claimant. To the contrary, while other portions of Civ.R. 54(C) have been statutorily altered in R.C. Chapter 1925, the legislature has presumably seen fit to leave the money damages limitation intact.

Civ.R. 54(C) allows for an amendment of a claim no later than seven days before a trial commences. However, R.C. 1925.09 permits amendment of a claim at any time before judgment, or vacation of judgment. Thus, under R.C. 1925.16, set forth above, the seven-day amendment limitation set forth in Civ.R. 54(C) will not apply to a small claims proceeding because it is inconsistent with the statute. However, as stated previously, there is no alternate procedure in that chapter to allow a court to award damages in excess of that amount demanded by a claimant.

Our holding is further supported by the fact that the damage limitation rule does not contravene the general philosophy behind small claims proceedings which is to present an informal, inexpensive and expedited procedure without the usual delays engendered by responsive pleadings and elaborate discovery. 8 West, Ohio Practice (1970) 140 (Civil Rules Staff Notes); 4 Anderson, Ohio Civil Practice (1987) 51, Section 147.04(C). This court has previously declined to apply a provision of the Civil Rules where such provision is contrary to the

goal of expedient resolution of small claims matters. See *Schafer v. McNeill Enterprises* (Nov. 11, 1984), Ross App. No. 1071, unreported, 1984 WL 5658.

However, limiting a court's power to award damages to that amount demanded by the claimant, under Civ.R. 54(C), does not contravene the goal of expediency. Under R.C. 1925.09, a claimant is free to amend a demand for damages at any time before a judgment. Thus, a claimant who discovers, during trial, that she is entitled to additional damages may freely amend her demand subject only to the jurisdictional limitation of R.C. 1925.02(A)(1). Thus, the damages-limitation rule of Civ.R. 54(C) works no hardship on a small claims litigant, but merely restricts the court as it would in any other civil case.

Accordingly, we hold that the damages-limitation rule of Civ.R. 54(C) is not "clearly inapplicable" to small-claims litigation under R.C. Chapter 1925. Thus, the trial court below erroneously awarded damages in excess of that amount demanded by appellee and, accordingly, appellant's first assignment of error is sustained.

In his second assignment of error, appellant argues that the judgment of the trial court was an abuse of discretion and against the manifest weight of the evidence. The basis for appellant's argument is that his agreement with appellee obligated him only to perform certain services and that appellee, herself, admitted such services had been performed. Appellant further contends that he neither warranted his services, nor promised, a lawn with grass would be provided and, therefore, he did not breach their agreement. We disagree.

It is a fundamental principle of contract law that "[w]here the language of a contract is of doubtful import, it is proper to ascertain the circumstances which surrounded the parties at the time it was made, the *object intended to be accomplished, and the construction which the acts of the parties show they gave to their agreement,* in order to give proper construction to the words they have used in the instrument, and to determine its legal effect." (Emphasis added.) *Mosier v. Parry* (1899), 60 Ohio St. 388, 54 N.E. 364, at paragraph one of the syllabus; *Johnson v. American Gas Co.* (1917), 8 Ohio App. 124, 134; *Coe v. Suburban Light & Power Co.* (1929), 32 Ohio App. 158, 163, 167 N.E. 693, 695.

The only writing which directly reflects the agreement between the parties is the receipt given appellee after payment to appellant. Such receipt describes, under "Description Of Material Used," the following: "Till, top soil, seed and straw *new lawn.*" (Emphasis added.) It may, arguably, be unclear as to whether appellant obligated himself to provide a "new lawn" or merely to provide services. However, the following testimony by appellee clearly

shows that she intended their agreement to accomplish the final objective of providing her with a "new lawn" which included grass:

"On June the 8th, I paid Nick Carter $1,187 to rework our lawn. The invoice that he gave us said *"new lawn." We didn't get a new lawn.* All we got was weeds and rye grass and bare spots." (Emphasis added.)

■ This testimony, and similar evidence, supports a finding that the agreement was not to provide merely services, but rather to provide appellee a new lawn with grass. The evidence further supports a finding that such agreement was breached. In reviewing a lower court's judgment, we must presume findings by the trier of fact to be correct and we cannot reverse a judgment supported by some competent and credible evidence going to all the essential elements of a case. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 54 Ohio St.2d 279, 376 N.E.2d 578, at the syllabus; *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 410–411, 461 N.E.2d 1273, 1276–1277; *Karches v. Cincinnati* (1988), 38 Ohio St.3d 12, 19, 526 N.E.2d 1350, 1357. We find the judgment below to be supported by sufficient competent evidence and, therefore, appellant's second assignment of error is overruled.

In his final assignment of error, appellant argues that he was denied a fair and impartial trial. After a review of the transcript of proceedings below, we disagree.

■ In support of his argument, appellant first advances an affidavit, attached to his brief, which makes certain allegations concerning an alleged lack of impartiality on the part of the court below. However, this court is confined by App.R. 12(A) to consider only that which is contained in the "record on appeal." *Lamar v. Marbury* (1982), 69 Ohio St.2d 274, 277, 23 O.O.3d 269, 271, 431 N.E.2d 1028, 1030–1031; *Boston v. Daugherty* (1983), 12 Ohio App.3d 4, 5, 12 OBR 88, 89–90, 465 N.E.2d 1317, 1319, at fn. 3; *State v. Hawley* (1984), 20 Ohio App.3d 59, 20 OBR 62, 484 N.E.2d 231, at fn. 1. Inasmuch as the subject affidavit constitutes neither part of the original papers or exhibits filed below, nor does it constitute part of the transcript, we are required to disregard it.[1]

■ Next, appellant cites to specific remarks in the transcript made by the court which, allegedly, demonstrates a lack of impartiality during trial.

---

1. App.R. 12(A) provides, *inter alia,* that an appeal "shall be determined on its merits on the assignments of error set forth in the briefs * * * on the record on appeal * * * and, unless waived, on oral arguments * * *." The "record on appeal" is defined by App.R. 9(A), which provides, in pertinent part, as follows:

"The *original papers and exhibits* thereto filed in the trial court, the *transcript of proceedings,* if any, including exhibits, and a certified copy of the docket and journal entries

However, even assuming, *arguendo,* that such remarks were improper, appellant has failed to demonstrate, and we cannot determine, how appellant would have been prejudiced by them. The trial below was not before a jury and, as held previously, there was sufficient competent evidence to support a judgment against appellant. In short, we cannot see how appellant would be prejudiced even if the court's remarks were improper. In determining whether a violation of the canons of judicial conduct has prejudiced a party, "[n]o prejudice will be presumed where none is demonstrated." *State v. Freeman* (1985), 20 Ohio St.3d 55, 57, 20 OBR 355, 357, 485 N.E.2d 1043, 1045, citing *State v. Stanton* (1968), 15 Ohio St.2d 215, 44 O.O.2d 191, 239 N.E.2d 92, at paragraph two of the syllabus.

 Moreover, we are not persuaded that the "comments" relied upon by appellant demonstrate a lack of impartiality. Under Ohio law, the conduct of a trial is largely under the control of the trial judge. See *Maddex v. Columber* (1926), 114 Ohio St. 178, 183, 151 N.E. 56, 57. Further, "the keeping of * * * witnesses, within the just limits of the issues and the competent evidence thereon, and their conduct pertinent thereto, must be left to the sound discretion of the presiding judge." *Logan v. Cleveland Ry. Co.* (1923), 107 Ohio St. 211, 222, 140 N.E. 652, 655. Such a rule is even more crucial where, as in the cause *sub judice,* there are no attorneys to plead a litigant's case and they must go before the court *pro se.* In those instances, the court must, necessarily, conduct the questioning of witnesses and the presentation of evidence.

In the present action, we do not believe the trial court's remarks to be any indication of a lack of impartiality. Rather, in those instances cited by appellant, the court was clearly attempting to confine appellant's testimony to pertinent issues and relevant evidence. Accordingly, appellant's third assignment of error is overruled.

Having sustained appellant's first assignment of error, we modify, as a matter of law pursuant to App.R. 12(B), the judgment rendered below to that amount demanded by appellee in her complaint, to wit, $800, and affirm the judgment as so modified.

*Judgment affirmed*
*as modified.*

HARSHA and GREY, JJ., concur.

---

prepared by the clerk of the trial court shall constitute the record on appeal in all cases." (Emphasis added.)

As neither appellant's, nor appellee's, affidavit falls within the rubric of the "record on appeal," we are required by *Lamar, supra,* to disregard them.