SIMON, Appellee,

v.

DURHAM et al., Appellants.

[Cite as *Simon v. Durham* (1994), 98 Ohio App.3d 828.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66848.

Decided Nov. 28, 1994.

*Ardine Simon,* pro se.

*Gregg S. Levy,* for appellants.

---

*Per Curiam:*

On September 7, 1993 plaintiff-appellee Ardine Simon filed suit in the Small Claims Division of the Cleveland Municipal Court against her former landlords, appellants Moses and Winnie Durham ("the Durhams"). Simon sought recovery of her $435 security deposit.

A referee conducted a hearing on the matter and issued his report on November 26, 1993. The referee found that Simon timely moved from the premises, leaving the dwelling clean, and that the Durhams never submitted to her an itemized listing of the alleged damages to the dwelling as required by R.C. 5321.16(B). Thus, the referee concluded that: "[Simon] is entitled to double damages for failing to itemize its alleged damages and submitting same to [Simon], and also because the court specifically finds that [the Durhams] have not proven their damages were anything other than normal wear and tear. In such cases, the court has no discretion in determining the amount of the award but must award double damages based on the amount wrongfully withheld."

The Durhams filed objections to the referee's report. On January 13, 1993, the trial court, without elaboration, overruled the objections, followed the recommendation of the referee and awarded $870 plus costs to Simon, for a total award of $914.

It is from this judgment that the Durhams now appeal, raising the following error for review:

"The trial court erred in awarding double damages to plaintiff since plaintiff only demanded a return of her security deposit and did not amend her demand for judgment at least seven (7) days prior to trial as required by Rule 54(C) of the Ohio Rules of Civil Procedure."

■ The crux of the Durhams' argument on appeal is that a trial court may not award double damages pursuant to R.C. 5321.16 unless specifically prayed for by the tenant in his complaint or amended demand as directed by Civ.R. 54(C). Specifically, the Durhams argue that Simon failed to pray for double damages, or amend her demand before trial to request the same, and, therefore, the trial

court erred, as a matter of law, in awarding her double damages pursuant to R.C. 5321.16(C).[1]

The portion of former Civ.R. 54(C) relied on by the Durhams provides as follows:

"[A] demand for judgment which seeks a judgment for money shall limit the claimant to the sum claimed in the demand unless he amends his demand not later than seven days before the commencement of the trial * * *."

The applicability of Civ.R. 54(C) to this small claims matter depends, at least in part, upon Civ.R. 1, which provides, in pertinent part, as follows:

"(A) Applicability. These rules prescribe the procedure to be followed in all courts of this state in the exercise of civil jurisdiction at law or in equity, with the exceptions stated in subdivision (C) of this rule.

" * * *

"(C) Exceptions. These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (4) in small claims matters under Chapter 1925, Revised Code * * *."

According to Civ.R. 1(C), Civ.R. 54(C) will apply in a small claims matter unless, by its very nature, it would be clearly inapplicable.

Along this same line, application of congruous rules of Ohio civil procedure to small claims actions is sanctioned by R.C. 1925.16, which states as follows:

"Except as inconsistent procedures are provided in this chapter or in rules of court adopted in furtherance of the purposes of this chapter, *all proceedings in the small claims division of a municipal court are subject to the Rules of Civil Procedure*, and Chapter 1901. and sections 2307.06 and 2307.07 of the Revised Code * * *." (Emphasis added.)

---

1. R.C. 5321.16 provides for an award of double damages in an action to recover a wrongfully withheld security deposit as follows:

"(B) Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered by reason of the tenant's noncompliance with section 5321.05 of the Revised Code or the rental agreement. Any deduction from the security deposit shall be itemized and identified by the landlord in a written notice delivered to the tenant together with the amount due, within thirty days after termination of the rental agreement and delivery of possession. The tenant shall provide the landlord in writing with a forwarding address or new address to which the written notice and amount due from the landlord may be sent. If the tenant fails to provide the landlord with the forwarding or new address as required, the tenant shall not be entitled to damages or attorneys fees under division (C) of this section.

"(C) If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees."

There is no provision in R.C. Chapter 1925 which is contrary to the general rule of former Civ.R. 54(C) that a judgment cannot be in excess of the amount, or the amended amount, demanded by the plaintiff. Thus, the seven-day time limitation on amendments to a demand for judgment set forth in Civ.R. 54(C) applies to small claims proceedings because it is not inconsistent with R.C. Chapter 1925 and there is no alternate procedure in that chapter to allow a court to award damages in excess of the amount demanded by a plaintiff.

■ In reaching this decision, we have fully considered the decision of the Hocking County Court of Appeals in *Blosser v. Carter* (1990), 67 Ohio App.3d 215, 586 N.E.2d 253, wherein it was held that "the damages limitation rule of Civ.R. 54(C) is not 'clearly inapplicable' to small-claims litigation under R.C. Chapter 1925." Although we agree with this holding, we do not agree, in total, with the reasoning employed by the *Blosser* court to reach this conclusion.

In *Blosser*, the court determined that there was no inconsistency between Civ.R. 54(C) and R.C. Chapter 1925 because there is no alternate procedure in R.C. Chapter 1925 to allow a court to award damages in excess of the amount demanded by plaintiff. However, the court did find an inconsistency between Civ.R. 54(C) and R.C. 1925.09,[2] which permits amendment of a *claim* at any time before judgment or vacation of judgment. It is with this conclusion that we disagree. In the words of the *Blosser* court:

"There is no provision in R.C. Chapter 1925 which is contrary to the general rule of Civ.R. 54(C) that a judgment cannot be in excess of the amount, or amended amount, demanded by the claimant. To the contrary, while other portions of Civ.R. 54(C) have been statutorily altered in R.C. Chapter 1925, the legislature has presumably seen fit to leave the money damages limitation intact.

"*Civ.R. 54(C) allows for an amendment of a claim* no later than seven days before a trial commences. However, *R.C. 1925.09 permits amendment of a claim* at any time before judgment, or vacation of judgment. Thus under R.C. 1925.16, set forth above, the seven-day amendment limitation set forth in Civ.R. 54(C) will not apply to a small claims proceedings because it is inconsistent with the statute." (Emphasis added.)

It is apparent from the emphasized portions of the court's opinion that the *Blosser* court erroneously believed that Civ.R. 54(C) allows for an amendment to a claim rather than an amendment to a demand for judgment. Amendments to claims are governed by Civ.R. 15, whereas Civ.R. 54(C) deals specifically with an

---

2. R.C. 1925.09 provides in part as follows:

"The court, before judgment or upon vacation of judgment, may allow any *claim* to be amended."

amendment to a demand for judgment. Thus, unlike the *Blosser* court, we find no inconsistency between R.C. 1925.09 and Civ.R. 54(C).

Our holding in this case is further supported by the fact that the purpose of Civ.R. 54(C), to put the parties on notice of their potential liabilities, see *Lacare v. Dearing* (1991), 73 Ohio App.3d 238, 596 N.E.2d 1097, does not contravene the general philosophy behind small claims proceedings, which is to provide parties with an informal, inexpensive and expedited procedure for resolution of their disputes. *Blosser, supra,* 67 Ohio App.3d at 218–219, 586 N.E.2d at 254–256. Limiting a court's power to award damages to that amount demanded by the plaintiff, under Civ.R. 54(C), does not contravene the goals of informality or expediency. Although the pleading requirements in small claims are relaxed, under R.C. 1925.04(B), a plaintiff is still required to serve notice on a defendant of the amount claimed in dollars and cents. R.C. 1925.05. Thus, the damages limitation rule of Civ.R. 54(C) imposes no additional pleading or time burdens on a small-claims plaintiff.

Accordingly, for the foregoing reasons, we sustain the Durhams' sole assignment of error and, in accordance with App.R. 12, we modify the judgment of the trial court to reflect a judgment in favor of Simon in the sum of $479 ($435 + $44) and order the same to be entered upon the record. In all other respects, the judgment of the trial court is affirmed.

*Judgment affirmed*
*as modified.*

PATTON, P.J., MATIA and NUGENT, JJ., concur.