OPINION
Defendant-appellant Bradley Barrett, appeals a decision of the Warren County Court. The court held that plaintiff-appellee, Robin Lovely Dowd, could recover from appellant for breach of contract. We affirm.
Appellee runs a produce market called "Lovely's Fresh Produce" on State Route 73 in Springboro, Ohio. Appellee sells fresh vegetables and fresh squeezed lemonade at the market. The land on which the market is located is owned by appellee's father, Robert Lovely. Robert Lovely's residence is on the same property as the market. The market had no running fresh water available and appellee obtained fresh water for the market by running a hose between the market and her father's residence.
Appellee testified that in December 1994, a Warren County Health Department representative told her that in order to retain a permit to run the market, appellee would need to have fresh water for the market. Appellee claims that she contacted appellant in March 1995 and told him that she needed "fresh water * * * for my market, for my lemonade stand and to wash my produce off." Appellee contends that she:
 did tell [appellant] exactly the intended purposes for the water, which was fresh water. * * * Water that I was able to make fresh lemonade from, water that was clear that I could wash my vegetables from, water that I could make my coffee in the morning from, water that I could wash my face from, and water, especially, that I could drink.
Appellee testified that appellant agreed with what she had asked him to do.
Appellant dug a well for appellee and appellee paid appellant $2,800 for the well. When appellee started using the well, she noticed that "all that would come out of it was dark muddy water * * * full of sediments that if you put your hand through it, you couldn't even see it." Appellee claims that she talked to appellant in early June 1995, and told him about the condition of the water coming out of the well. Appellee testified that she was "very, very concerned about what was coming out there and I needed clear fresh drinking water and that's not what I was getting." Appellant checked the well and supposedly told appellee that the well water would clear up if she ran the well continuously. Appellee claims that she followed appellant's instructions, but the water never cleared.
Appellee filed a complaint against appellant on June 26, 1995. Appellee claimed that the parties entered into an oral contract in which appellant agreed to drill a well and provide the necessary apparatuses in order to provide potable water for her market. Appellee argued that appellant breached the terms of the contract because the well drilled by appellant did not produce potable water. A bench trial was held on June 20, 1996 and the court found in favor of appellee. Findings of fact and conclusions of law were filed by the court on April 17, 1997. The court's judgment entry was filed on June 17, 1997. Appellant appeals the trial court's decision and presents two assignments of error.[1]
Assignment of Error No. 1:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONCLUDING THAT THE PARTIES HAD REACHED AN ORAL CONTRACT.
Appellant argues that an oral contract was never entered into because a meeting of the minds did not exist regarding the terms of the contract. Appellant claims that a meeting of the minds was not proven because the parties presented different interpretations of what was contained in the oral contract.
A contract is a promise or a set of promises for breach of which the law provides a remedy, or the performance of which the law in some way recognizes as a duty. Cleveland Builders Supply Co. v. Farmers Insurance Group of Cos. (1995), 102 Ohio App.3d 708,712. A trial court's finding that an oral agreement exists and that it constitutes a contract will not be reversed on appeal if there is competent, credible evidence going to all the essential elements of the case. Green v. Armstrong (July 21, 1997), Madison App. No. CA96-11-049, unreported, at 4, following Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80.
In order to declare the existence of a contract, both parties to the contract must consent to its terms, there must be a meeting of the minds of both parties, and the contract must be definite and certain. Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations (1991), 61 Ohio St.3d 366, 369. "The law is clear that to constitute a valid contract, there must be a meeting of the minds of the parties, and there must be an offer on the one side and an acceptance on the other." Noroski v. Fallet (1982), 2 Ohio St.3d 77, 79. Whether a meeting of the minds has occurred is a question of fact to be determined from all the relevant facts and circumstances. Garrison v. Daytonian Hotel (1995), 105 Ohio App.3d 322, 325.
In the present case, appellee testified that she told appellant that she needed a fresh water well to be used for drinking, and that appellant agreed with what she asked him to do. The trial court found that "[appellee] contracted with [appellant] for the construction of a water well with a pump."
We find that competent credible evidence exists showing that a meeting of the minds occurred concerning the oral contract. Simply because the parties presently differ on whether a term existed in the oral contract does not automatically show that a meeting of the minds did not once exist. Therefore we find that the trial court did not err as a matter of law in determining that the parties reached an oral contract. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONCLUDING THERE HAD BEEN A BREACH OF AN ORAL CONTRACT WHEN THERE IS NO EVIDENCE THAT [APPELLANT] DID ANYTHING IMPROPERLY.
Appellant argues that even if an oral agreement existed between the parties, there is no evidence that appellant breached the oral contract. Appellant claims that he performed his service in a workman like manner, and denies that he was required to produce a well with drinkable water.
In reviewing a lower court's finding that a breach of contract occurred, an appellate court cannot reverse the trial court's judgment if it is supported by some competent and credible evidence going to all the essential elements of the case. Blosser v. Carter (1990), 67 Ohio App.3d 215, 220, following Seasons Coal, 10 Ohio St.3d at 80, C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. We must presume findings by the trier of fact to be correct because the trier of fact has the benefit of seeing and hearing the witnesses testify, and is in the best position to determine the facts of the case. Blosser,67 Ohio App. 3d at 220; State v. Purdon (Nov. 10, 1997), Brown App. No. CA97-03-009, unreported, at 3. "It is the function of the trial court as the finder of fact to observe the demeanor of the witnesses, examine the evidence and weigh the credibility of the testimony and the evidence presented." Green v. Armstrong, Madison App. No. CA96-11-049, at 4.
This case essentially turns on the question of what was agreed upon between the parties. Appellee testified that appellant agreed to build a well that would produce drinkable water. Appellant testified that all he was required to do was to construct a well that produced water, regardless of quality. The trial court found that:
 [Appellee] told [appellant] the intended purpose for the well was to have fresh water or potable water at her Farm Market Trailer in Springboro, OH. [Appellee] further advised [appellant] that she wanted the water to have (sic) fresh lemonade. [Appellant] agreed to dig and construct a well to fit the requirements requested by [appellee].
The trial court in effect chose to believe appellee's version of the agreement.
We find that the trial court's determination that appellant agreed to construct a well to produce fresh/potable water was supported by competent credible evidence. We also find that the court did not err in holding that appellant breached his contract with appellee. Appellant's second assignment of error is overruled.
YOUNG, P.J., and WALSH, J. concur.
[1] Appellant lists two "issues" presented for review and argument. We will treat the two issues as assignments of error.