DECISION AND JUDGMENT ENTRY
Appellant Gayle Fender owns and operates a campground known as the Lake Wahoo Resort. Appellees Mary Leslie and Marsha Tiffany bought one-year "memberships" to Lake Wahoo, only to have them unceremoniously revoked by the appellant after less than three months. The Hillsboro Municipal Court, Small Claims Division, ordered the appellant to pay the appellees $800, which represented a portion of the total membership fees. The appellant raises two assignments of error on this appeal:
 "1. The magistrate erred by failing to rule on the appellant's right to non refundable membership agreement[.]"
 "2. The magistrate's award of $800 (part of a $1,000.00 non refundable membership) is against the manifest weight of the evidence."
We find that neither of the appellant's assignments has merit and therefore affirm.
 I.
In April 1998, the appellees filled out an "Application for Membership" to Lake Wahoo Resort. The application specified that both Leslie and Tiffany would be members and that the membership included "one lot with fishing, hiking and camping privileges in accordance with Lake Wahoo rules which I have been given." The application stated that membership fees were "$1,000 (non-refundable)." The appellees paid a $200 non-refundable "deposit" for a thirty-day trial period and later made a separate payment of $800 for the remainder of the one-year membership term.
On July 2, 1998, the appellees arrived at Lake Wahoo with four guests and informed the appellant that the six of them would be staying overnight. The appellant demanded a $20 payment from the appellees for two of the guests, in accordance with Lake Wahoo rules. The rule invoked by the appellant read:
 "Three guests with one member may camp at your assigned area in one unit. Starting at age 16, guests sign-in [sic] members are responsible for their guests. ($10.00 each over four people)" (Emphasis sic.)
The appellees refused to pay the $20 fee based on their belief that each of them was entitled to three guests free of charge according to this rule. According to the appellees, the appellant and Wendell Whitt, who lived at Lake Wahoo Resort, continually harassed them about paying the extra $20. The appellees eventually called the police because of the appellant's and Whitt's continued harassment, which allegedly included threats to steal the appellees' belongings and physical and verbal abuse. After several confrontations between the parties, the appellees left Lake Wahoo after the appellant "revoked" their memberships. The appellant contends that the appellees violated Lake Wahoo rules by allowing their guests to use campground facilities without paying the guest fee.
The appellees filed a complaint in the small claims division of the Hillsboro Municipal Court seeking "reimbursement of campground lot rental and associated expenses * * *." The complaint also sought damages for various intentional torts. The parties tried the case before a magistrate, who ruled in favor of the appellees on their contract claim. The magistrate noted that "in the end everybody agreed to terminate the [membership] agreement" and therefore recommended that the appellees recover $800 in membership fees from the appellant, plus interest and court costs.[1] He ruled against the appellees, however, on their intentional tort claims. The court overruled the appellant's objections to the magistrate's decision and entered a judgment approving and adopting the magistrate's recommendations. The appellant then commenced this appeal.
 I.
In her first assignment of error, the appellant argues that the magistrate and trial court denied her the "right" to do business under a non-refundable membership agreement. She contends that the Ohio Administrative Code allows her to operate under a "non refundable membership" system and that she therefore does not have a legal obligation to refund the appellees' membership fee. She further argues that the appellees' violation of Lake Wahoo rules should preclude any refund of the "non refundable" membership fees. We disagree with the appellant's position.
The appellant does not specifically cite any Ohio Administrative Code provision in support of her purported "right" to retain the appellees' membership fees. In the trial court, however, the appellant relied upon Ohio Adm. Code 3701-25-51 (R), which states:
 "`Recreational vehicle park' means any tract of land used for parking five or more self-contained recreational vehicles and includes any roadway, building, structure, vehicle or enclosure used or intended for use as part of the park facilities and any tract of land that is subdivided for lease or other contract of the individual sites
for the express or implied purpose of placing self-contained recreational vehicles for recreation, vacation, or business."
(Emphasis added.)
The appellant reads the emphasized portion as giving her the "right" to charge a non-refundable membership fee and apparently the "right" not to refund the appellees' fees. This provision, however, gives no such "right." Ohio Adm. Code 3701-25-51 (R) merely defines the term "recreational vehicle park."
Despite her erroneous reliance on the Ohio Administrative Code, we recognize the appellant's basic contention under this assignment of error. The appellant argues that the appellees violated Lake Wahoo rules and are therefore not entitled to a refund of the membership fees ordered by the trial court. The appellant again emphasizes the "non refundable" nature of the membership fees as expressed in the membership contract and notes that continued membership was contingent upon the appellees abiding by Lake Wahoo rules. Because the appellees broke the rules, the appellant thinks she should get to keep the membership fees. The appellant is incorrect.
Significantly, we note that the magistrate made no finding that the appellees violated Lake Wahoo rules. Nor did the magistrate specifically find that the appellant committed a breach of contract by "revoking" the appellees' membership. Rather, the magistrate's decision, later adopted by the trial court, ordered a refund of the appellees' $800 membership fee on the basis that the parties mutually terminated the agreement when the appellees left the campground at the appellant's demand.[2] Parties to a valid contract may terminate the agreement by mutual consent, placing them in their original positions. Roberts v. GMSManagement Co., Inc. (Nov. 24, 1999), Cuyahoga App. No. 75419, unreported; see, also, Hunter v. BPS Guard Serv., Inc. (1995),100 Ohio App.3d 532, 541. Despite this mutual rescission, the appellant seeks to retain the full membership fee paid by the appellants. When a party elects rescission, however, she must restore to the other party what she has received under the contract. See Walton v. Wynette (Nov. 12, 1981), Washington App. No. 80-X-16, unreported. "A party will not be permitted to retain the benefits of the contract and at the same time repudiate it."Id. See, also, Forest City Enterprises, Inc. v. Dougan (Dec. 11, 1980), Cuyahoga App. No. 42209, unreported. Accordingly, the trial court did not err in ordering the appellant to pay $800 back to the appellees. The first assignment of error is overruled.
 III.
In her second assignment of error, the appellant argues that the trial court's decision is against the manifest weight of the evidence. In reviewing this type of challenge to a lower court's judgment, we must defer to the factual findings made by the trier of fact (here, the magistrate), keeping in mind that he was in the best position to view the witnesses and weigh the credibility of the testimony. See Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 79. Accordingly, we will not reverse a judgment as being "against the manifest weight of the evidence" so long as it is supported by some competent, credible evidence going to all the essential elements of the case. C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, syllabus; Blosser v.Carter (1990), 67 Ohio App.3d 215, 220.
The appellant argues that the decision ordering her to refund $800 was against the manifest weight of the evidence because there was no "rent to be refunded." We disagree. As we noted previously, the magistrate ordered a refund under the theory that the parties rescinded the membership agreement. This conclusion is supported by the appellant's own testimony, in which she indicated that the appellees eventually left Lake Wahoo after she told them to do so. The appellant's demand constituted an offer to rescind the membership agreement, with the appellees' departure constituting the acceptance. A rescission of a contract calls for the parties to be restored to their original positions. The magistrate and trial court did that in this case by ordering a refund of the unused membership fees.
The appellant cites Tipton v. Fender (May 3, 1999), Highland App. No. 98CA19, unreported, as purported "precedent" for the proposition that she was entitled to revoke the appellees' membership without paying back the membership fees. Tipton
provides no such "precedent." In that case, a former Lake Wahoo member sued in small claims court to recover $600 in unused annual rent after Fender ordered him to leave Lake Wahoo. After the small claims court found in Fender's favor, the former member appealed. This court affirmed the lower court's judgment on the basis that the former member failed to file objections to the magistrate's decision, thereby failing to preserve the issues raised on his appeal. Tipton was not decided on the merits and therefore provides no legal basis for reversing the trial court's judgment in this case. The second assignment of error is overruled.
Finding neither of the appellant's assignments meritorious, we affirm the judgment of the Hillsboro Municipal Court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hillsboro Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J., Abele, J.: Concur in Judgment and Opinion.
 ________________________ William H. Harsha, Judge
[1] The magistrate's decision, later adopted by the trial court, stated that recovery should be against "Lake Wahoo, only." We note, however, that the appellant admitted during trial to being the owner and operator of Lake Wahoo; thus, for all practical purposes, a judgment against Lake Wahoo is a judgment against the appellant. Neither the magistrate nor the court ordered any recovery from Mr. Whitt, who is not a party to this appeal.
[2] As noted previously, the appellees paid a total of $1,000 for their membership to Lake Wahoo. They paid $200 for a thirty-day "trial" membership and later paid $800 for the remainder of the one-year membership term. The magistrate and trial court awarded a refund of only the $800 "remainder" fee. The appellees did not cross appeal and raise no issue concerning this amount.