[Cite as *Germadnik v. Auld*, 2018-Ohio-2889.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| RON GERMADNIK, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| | | **CASE NO. 2017-T-0113** |
| - vs - | : | |
| ERIN AULD, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court, Eastern District.
Case No. 2017 CVI 00120 E.

Judgment: Affirmed in part and reversed in part; remanded.

*Randil J. Rudloff*, Guarnieri & Secrest, P.L.L., 151 East Market Street, P.O. Box 4270, Warren, OH 44482 (For Plaintiff-Appellant).

*Erin Auld*, pro se, 7057 West Boulevard, Apt. 175, Youngstown, OH 44512 (Defendant-Appellee).


TIMOTHY P. CANNON, J.

{¶1} Appellant, Ron Germadnik, appeals from a decision of the Trumbull County Court, Eastern District, awarding a judgment in favor of appellee, Erin Auld, in the amount of $4,445.00, plus costs and interest, in relation to an eviction action and resulting counterclaim.

{¶2} Mr. Germadnik rented property to Ms. Auld for $485.00 per month. Their agreement provided for late charges of $25.00 per month. Ms. Auld failed to pay the full monthly rent from July 2016 through April 2017; she made several partial payments

during that time, which totaled $890.00.  On or about April 3, 2017, Mr. Germadnik served Ms. Auld with a three-day notice to leave the premises.  He then engaged in the following behavior: on April 3, 2017, he terminated Ms. Auld's electric service; on April 6, 2017, he changed the locks; on April 9, 2017, he removed portions of Ms. Auld's personal property from the rental property and deposited it in her mother's driveway.

{¶3}   On April 25, 2017, Mr. Germadnik filed a claim in the small claims division of the trial court for back rent and late fees in the amount of $4,625.00, plus interest and costs.  Ms. Auld filed a counterclaim on May 15, 2017, alleging damages in the amount of $5,485.00 for unlawful eviction, trespassing, damaged and stolen property, lost wages, sexual and verbal harassment, and failure to return her security deposit.  Neither party was represented by counsel.

{¶4}   A hearing was held on October 10, 2017, the transcript of which has not been provided to this court for review.  The small claims court issued a journal entry thereafter, ultimately ruling in favor of Ms. Auld.  The court found that Mr. Germadnik was entitled to a total of $4,210.00 ($3,960.00 in back rent and $250.00 in late charges) but that Ms. Auld was entitled to $3,885.00 in compensatory damages plus an award of punitive damages in the amount of $4,770.00 for "plaintiff's malicious acts in this self help eviction."  It was therefore ordered that Mr. Germadnik's award was set off against Ms. Auld's award, resulting in a judgment against Mr. Germadnik in the amount of $4,445.00, plus costs and interest from October 10, 2017.

{¶5}   Thereafter, Mr. Germadnik retained counsel.  Upon his request, the small claims court issued findings of fact and conclusions of law on November 13, 2017.

{¶6}   The court found that, due to Mr. Germadnik's "calculated campaign to remove [Ms. Auld] extra judiciously," Ms. Auld suffered $820.00 in damages to personal

2

property, including items that were either "dumped" in her mother's driveway or not returned; $280.00 in damages to the contents of her freezer that were thawed when electric service was terminated; $300.00 in lost income for two days of work; the $485.00 unreturned security deposit for which no accounting was made, in violation of R.C. 5321.16(B); and $2,000.00 compensation for "her normal living routine [that] was completely disrupted including the removal and non-return of her mail."

{¶7} The court further held that Mr. Germadnik "egregiously violated all of the prohibitions of R.C. 5321.15(A) by not only terminating the electric service but also locking [Ms. Auld] out. He, subsequently, disposed of her mail as well as removed some of Defendant's possessions from the leasehold and dumped them in [Ms. Auld's] mother's driveway." It therefore concluded that Mr. Germadnik's "actions were so blatant and calculated as to rise to the level of pure maliciousness," thereby justifying the $4,770.00 punitive damages award.

{¶8} This matter is now before this court on Mr. Germadnik's notice of appeal. He has assigned one error for our review:

{¶9} "The small claims court division erred in holding that appellee was entitled to an award of punitive damages against appellant in the sum of $4,770.00."

{¶10} All of Mr. Germadnik's arguments raise questions of law, which are reviewed de novo. *Ohio Bell Tel. Co. v. Pub. Util. Comm.*, 64 Ohio St.3d 145, 147 (1992); *see also Wren v. Tutolo*, 11th Dist. Geauga No. 2012-G-3104, 2013-Ohio-995, ¶8.

**Compensatory Damages**

{¶11} Mr. Germadnik initially raises an issue regarding the award of compensatory damages. Because Ms. Auld was afforded the opportunity to respond in her brief on appeal, we will address the issue raised and argued. Mr. Germadnik argues the trial court

3

erred in awarding compensatory damages for discomfort and disruption of living conditions because there was no such demand for relief in Ms. Auld's counterclaim.

{¶12} In support of his argument, Mr. Germadnik cites to *Simon v. Durham*, 98 Ohio App.3d 828, 831 (8th Dist.1994), which held that the trial court was prohibited from awarding damages in excess of the amount demanded by a plaintiff. The *Simon* Court reached this decision by relying on former Civ.R. 54(C), which provided, in relevant part, that "a demand for judgment which seeks a judgment for money shall limit the claimant to the sum claimed in the demand unless he amends his demand not later than seven days before the commencement of the trial[.]" That provision, however, was deleted from the Civil Rules in 1994. The Staff Note explains the effect of this deletion: "That is, the party seeking relief is not necessarily confined to the request for recovery in the prayer, but may seek to amend after seven days before the commencement of trial, subject to Civ. R. 15(A), *or in any event recover more at trial than that prayed for, subject to Civ. R. 15(B)*." (Emphasis added).

{¶13} The current version of Civ.R. 54(C) limits recovery to the amount prayed for in a demand for judgment *only* when judgment is entered by default, which does not apply to the case before us, as both parties appeared before the court for a determination on the merits. Civ.R. 54(C) now provides that, "[e]xcept as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded the relief in the pleadings*." (Emphasis added.)

{¶14} Civ.R. 15(B) provides, in part: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." The rule further states that, "[i]f evidence is

4

objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits." Nevertheless, "[f]ailure to amend as provided herein does not affect the result of the trial of these issues." *Id.*

{¶15} In her counterclaim, Ms. Auld requested a total of $5,485.00 for unlawful eviction, trespassing, damaged and stolen property, lost wages, sexual and verbal harassment, and failure to return her security deposit. She later filed an accounting with the trial court, the total of which remained $5,485.00; that total includes a request of $2,000.00 for "pain and suffering due to sexual harassment, verbal assault, and loss of home/animal endangerment." Mr. Germadnik filed a response, in which he denied the factual basis for Ms. Auld's request but did not take issue with the fact that this language was not specifically pled in her counterclaim. Additionally, Mr. Germadnik does not assert that he raised any relevant objection at the hearing, and, in the absence of a transcript, we must presume the regularity of the proceedings in this regard. *Ostrander v. Parker-Fallis Insulation Co.*, 29 Ohio St.2d 72, 74 (1972). Finally, we note that a request for damages due to an "unlawful eviction" does, by its very nature, imply a disruption of one's normal living routine.

{¶16} There is no basis for this court to conclude the small claims court erred in awarding Ms. Auld $2,000.00 for the complete disruption of her normal living routine, even though that specific statement was not included in her counterclaim.

{¶17} This argument is not well taken.

5

**Punitive Damages**

{¶18} Mr. Germadnik next asserts the small claims court erred in awarding punitive damages to Ms. Auld because small claims divisions do not have jurisdiction to award punitive damages.

{¶19} The small claims divisions of municipal and county courts have limited subject-matter jurisdiction. R.C. 1925.02(A)(2)(a)(iii) excludes "[a]ctions for the recovery of punitive or exemplary damages" from the jurisdiction of small claims divisions. *See also Vacca v. Tradin' Post Classifieds*, 2d Dist. Montgomery No. 21278, 2006-Ohio-2916, ¶18. It does not, however, exclude "statutorily provided damages which may have, in part, a punitive effect." *Klemas v. Flynn*, 66 Ohio St.3d 249, 252 (1993).

{¶20} A small claims court may award "double damages," as authorized by R.C. 5321.16(C), relating to the landlord's wrongful withholding of a tenant's security deposit: "If the landlord fails to comply with division (B) of this section, the tenant may recover the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and reasonable attorneys fees." The Ohio Supreme Court has explained that, even though an award of these "double damages" has somewhat of a punitive effect, they "do not thereby become 'punitive damages' as that term has been defined in the common law." *Klemas, supra*, at 252.

> The double damages recoverable under R.C. 5321.16(C) are simply a measure of the damages allowable and are akin to liquidated damages rather than punitive damages. These additional damages serve to compensate injured tenants for the temporary loss of the use of that money given to the landlord as a security deposit and for the time and inconvenience of having to sue for the recovery of money wrongfully withheld. In addition, the possibility of double damages creates an incentive for landlords to comply with the law.

*Id.* at 251-252.

6

{¶21} Here, the small claims court did not award "double damages" pursuant to R.C. 5321.16(C). Rather, it very clearly awarded punitive damages based on its finding that Mr. Germadnik had acted maliciously. The court cited two cases as authority for its punitive damages award. The first, *O'Neil v. Walburg*, 70 Ohio App.2d 30, involved an award made by a municipal court (which, we note, was reversed due to the appellate court's holding that R.C. 5321.15(C) does not authorize punitive damages). The second, *Meacham v. Miller*, 79 Ohio App.3d 35, involved an award made by a common pleas court. Thus, neither case stands for the proposition that the small claims division at issue here had jurisdiction to award punitive damages.

{¶22} The award of punitive damages made by the small claims court was in error.

{¶23} We must remand this matter to the small claims court to vacate the punitive damages award. Mr. Germadnik's award for past due rent and late charges, in the amount of $4,210.00, should only be set off against the amount awarded to Ms. Auld for compensatory damages, which was $3,885.00. Therefore, the trial court shall enter judgment in favor of Mr. Germadnik in the amount of $325.00, plus costs and interest.

{¶24} The remaining arguments raised by Mr. Germadnik are hereby rendered moot.

{¶25} The judgment of the Trumbull County Court, Eastern District, is affirmed in part and reversed in part. This matter is remanded for the trial court to enter judgment consistent with this opinion.

THOMAS R. WRIGHT, P.J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only in part and dissents in part, with a Concurring/Dissenting Opinion.

7

DIANE V. GRENDELL, J., concurs in judgment only in part and dissents in part, with a Concurring/Dissenting Opinion.

{¶26} I concur with the judgment that reversal of the compensatory damages award is unwarranted and the determination that the award of punitive damages must be reversed. I write separately, however, to emphasize the impropriety of addressing arguments not raised as separate assignments of error. Additionally, I dissent from the decision to remand this matter to the lower court since reversal and modification of the punitive damages award is more consistent with the purposes of judicial economy.

{¶27} First, a review of the appellant, Ron Germadnik's, brief reveals that although he asserts a sole assignment of error taking issue with the lower court's award of *punitive* damages, he raised various arguments within that error relating to *compensatory* damages. Despite this procedural deficiency, the majority has chosen to address the merits of these issues within the context of the assignments of error raised by Germadnik.

{¶28} It is not the role of this court to raise assignments of error on appellant's behalf in order to create compliance with the appellate rules. As has been clearly held, "[a]ppellate courts review assignments of error—we sustain or overrule assignments of error and not mere arguments." (Citation omitted.) *State v. Neal*, 2016-Ohio-64, 57 N.E.3d 272, ¶ 38 (4th Dist.); *Gill v. Grafton Corr. Inst.*, 10th Dist. Franklin No. 10AP-1094, 2011-Ohio-4251, ¶ 17 ("[w]e are disinclined to consider this argument because it does not correspond with the assignment of error"). The fact that Germadnik may have raised arguments within his brief in favor of his claim for compensatory damages does not change the fact that his assignment of error addresses only punitive damages. By

8

considering arguments as assignments of error, this court is essentially searching for and creating assignments on the appellant's behalf. This creates a slippery slope in which this court violates the well-recognized principle that it is not this court's duty to "root out" arguments on behalf of the appellant, especially given that he could have easily raised the compensatory damages issue in a separate assignment of error. *See State v. Herron*, 11th Dist. Lake Nos. 2009-L-119, et al., 2010-Ohio-2050, ¶ 16. Consistency by an appellate court is a linchpin to justice and fairness. By failing to comply with the foregoing principles, this court again demonstrates a dangerous lack of consistency. *See Filby v. Filby*, 11th Dist. Geauga No. 2017-G-0142, 2018-Ohio-907, ¶ 11 (Grendell, J., concurring in judgment only) (emphasizing the majority's inconsistency in its interpretation and application of the clearly defined term "shall").

{¶29} If this court addresses assignments of error not specifically raised by appellant, even if the issues were raised by him, it also prevents the appellee from having a fair opportunity to brief these issues. While the appellee may have been aware of the general arguments raised by the appellant, since assignments of error, rather than arguments, formulate the basis for this court's analysis and decisions, this puts the appellee at a disadvantage. Thus, this court should decline to address arguments that are not properly raised in an assignment of error, as required by App.R. 16(A), thereby affirming the judgment as to this issue.

{¶30} Further, the decision of the majority to remand this matter to the trial court with instructions for the court to enter judgment as described in the opinion is unnecessary and inefficient. This court has the authority under App.R. 12(A)(1)(a) to modify the lower court's judgment. In a similar matter, where there was an improper award of restitution, this court found the correct remedy was to reverse and modify the court's judgment to

9

remove the portion of the award that was contrary to law. *In re M.A.*, 2016-Ohio-1161, 61 N.E.3d 630, ¶ 32 (11th Dist.). Since there is no need for the trial court to make any additional findings in the present matter, this is the type of situation where a remand is unnecessary and again inconsistent with past precedent.

{¶31} In addition to the fact that this court has previously declined to remand in similar situations, it is also worth noting that vacating the judgment and entering the proper award without a remand advances the principle of judicial economy. As this court has emphasized, judicial economy and efficiency are principles that must be considered by the courts when issuing any decision. *See Painesville City Local Schools Bd. of Edn. v. Ohio Assn. of Pub. School Emps.*, 11th Dist. Lake No. 2005-L-100, 2006-Ohio-3645, ¶ 15.

{¶32} For the foregoing reasons, I concur with the judgment of this court to reverse in part, in relation to punitive damages, but disagree with the decision to order an unnecessary remand. To the extent that the majority affirms the award of compensatory damages, I concur in the judgment solely for the reasons outlined above.