[Cite as *Hunter v. Dahdouh*, 2026-Ohio-1459.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

DEANGELO HUNTER, :

    Plaintiff-Appellee, :

                         No. 115847

v. :

MALIK DAHDOUH, :

    Defendant-Appellant. :

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 23, 2026

Civil Appeal from the Euclid Municipal Court
Small Claims Division
Case No. 25-CVI-03320

### *Appearances:*

Cleveland State University College of Law, Appellate Practice Clinic and Doron M. Kalir, *for appellee.*

Sam A. Zingale, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Appellant Malik Dahdouh ("Dahdouh") appeals the trial court's denial of his motion for continuance of his trial date that was filed the day before the scheduled trial. For the reasons that follow, we affirm.

**Facts and Procedural History**

{¶ 2} On August 19, 2025, this case was filed in the Euclid Municipal Court, Small Claims Division, by DeAngelo Hunter ("Hunter") against Dahdouh asserting Dahdouh had damaged Hunter's vehicle while attempting to repair the vehicle.

{¶ 3} On August 20, 2025, a notice and summons scheduling trial for October 1, 2025 was mailed to the parties. Service was perfected on Dahdouh on August 22, 2025.

{¶ 4} On September 30, 2025, Dahdouh filed a pro se motion to continue the trial, scheduled for the next day. In said motion, Dahdouh stated the following reason for requesting the continuance:

> Continues [sic] date until January 14 be [sic] of travel date set for today. Going over seas to Egypt and Syria. Syria just got out of long war so I am not sure what or how communications would be.

The magistrate assigned to hear the case denied the motion. The case proceeded to trial on October 1, 2025. Dahdouh did not appear. Evidence and testimony were presented and the magistrate recommended judgment in favor of Hunter and against Dahdouh in his issued decision.

{¶ 5} On October 15, 2025, Dahdouh filed an objection to this decision through his newly retained attorney. The sole objection alleged the denial of his motion for continuance amounted to an abuse of the trial court's discretion.

{¶ 6} On November 3, 2025, the trial court, after reviewing the decision to deny the motion to continue, overruled Dahdouh's objections and adopted the magistrate's decision.

{¶ 7} Dahdouh now appeals raising two assignments of error:

I. The trial court did not recognize the scope of its discretion in granting or denying a request for a continuance.

II. The trial court abused its discretion in not granting defendant-appellant Khaled Dahdouh's ("Dahdouh") request to continue the small claims court hearing set for October 1, 2025, and proceeding to conduct that hearing without Dahdouh's presence.

**Law and Argument**

{¶ 8} These assignments of error only concern the denial of the motion for a continuance of the trial and will, therefore, be discussed together. Dahdouh alleges that the trial court abused its discretion in denying his motion to continue filed the day before trial. We disagree.

{¶ 9} We review a trial court's denial of a motion for continuance under an abuse of discretion standard. *D.C. v. J.C.*, 2025-Ohio-3275, ¶ 18 (8th Dist.). An abuse-of-discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

{¶ 10} As stated previously by this court:

Both the United States and Ohio Supreme Courts have recognized that "'[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process.'" *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981), quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964). Rather, "'[t]he answer must be found in the circumstances present in every

case, particularly in the reasons presented to the trial judge at the time the request is denied.'" *Id.*, quoting *Ungar* at 589.

Factors to consider when determining whether a trial court abused its discretion in denying a continuance include:

> [T]he length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*Unger* at 67-68.

*D.C.* at ¶ 19.

{¶ 11} Dahdouh alleges in his brief that the trial court abused its discretion in denying the motion and failed to consider, or apply, any of the balancing factors in *Unger*. Upon review of the trial court's journal entry, we find the trial court, contrary to Dahdouh's assertions in his brief, did properly consider the *Unger* factors and did not abuse its discretion in denying the motion.

{¶ 12} In its November 3, 2025 journal entry, the trial court cited one of our cases, *Am. Surface Solutions, L.L.C. v. Nicholas N. Am.*, 2019-Ohio-2909, ¶ 33-34 (8th Dist.), which stated the proper *Unger* test to be applied and listed the six factors. Applying the factors the trial court made the following findings:

> Ohio Revised Code §1925.04 mandates that "The time set for such trial shall be not less than fifteen or more than forty days after the commencement of the action." The trial date of October 1, 2025 was forty (40) days after commencement of this case. As such, [] R.C. §1925.04 precluded a continuance of trial to January 14.

Defendant delayed until the day before trial to request a continuance. Certainly, Defendant's overseas travel plans were in place long before September 30, 2025. Furthermore, Plaintiff clearly set his schedule to appear for trial on October 1, 2025.

Finally, granting Defendant's Motion To Continue would frustrate "the general philosophy behind small claims proceedings, which is to provide parties with an informal, inexpensive and expedited procedure for resolution of their disputes." *Simon v. Durham*, 98 Ohio App. 3d 828, 832 citing *Blosser v. Carter*, 67 Ohio App. 3d 215,218.

{¶ 13} The court clearly weighed the relevant factors in finding against Dahdouh. The court found the length of the delay until January 14, 2026 (106 days from the date the motion was filed) was considerable and outside the R.C. 1925.04 mandatory deadline for trial within 40 days after the filing of a complaint in a small claims division. Similarly, the court found that this was an inconvenience to Hunter who had "set his schedule to appear for trial on October 1, 2025." The court also clearly found, and weighed heavily against Dahdouh, that he contributed to this delay by waiting until the day before trial to request the continuance when his plans to travel overseas "were in place long before" filing the motion. *See Parma v. Gardner*, 2025-Ohio-5517, ¶ 45 (8th Dist.) (finding the trial court did not abuse its discretion denying motion to continue filed on the day of trial because, in part, "she contributed to the circumstances that gave rise to the request"). Last, the court considered "other relevant factors" including a public policy factor that the purpose of small-claims proceedings is to provide parties with an expedited resolution and that such an extensive continuance would frustrate that purpose.

{¶ 14} We find the trial court applied the correct law and did not abuse its discretion in denying Dahdouh's 11th-hour motion for a continuance the day before

the scheduled trial. *See In re B.B.*, 2010-Ohio-4618, ¶ 42 (5th Dist.) (trial court did not abuse its discretion denying 11th-hour motion to continue); *Timeoni v. Ciancibelli*, 2007-Ohio-2312, ¶ 30 (11th Dist.) (trial court did not abuse its discretion denying 11th-hour motion to continue); *Citibank (S.D.), N.A. v. Stein*, 2006-Ohio-2674, ¶ 22 (5th Dist.) (trial court did not abuse its discretion denying 11th-hour continuance).

{¶ 15} Dahdouh's first and second assignments of error are overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Euclid Municipal Court, Small Claims Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, A.J., and
ANITA LASTER MAYS, J., CONCUR